UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-171 |
| | § | |
| $9,500, U.S. Currency, | § | |
| $1,000, U.S. Postal Money Order, | § | |
| Assorted Jewelry, | § | |
| 1995 Chevrolet Tahoe, | § | |
| 1994 Chevrolet Silverado, | § | |
| Defendants. | § | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

United States of America, plaintiff, files this action for forfeiture against:

$9,500, U.S. Currency,

$1,000, U.S. Postal Money Order, #91253417894,

Assorted Jewelry,

1995 Chevrolet Tahoe, VIN 1GNEC13K8SJ449334, and

1994 Chevrolet Silverado, VIN2GCEC19K3R1235985

and alleges that:

1.  This is a civil action in rem brought to enforce the provisions of 21 U.S.C.§ 881(a)(6), which provides for the forfeiture of property that constitutes or is derived from proceeds traceable to illegal drug trafficking in violation of Title II of the Controlled Substance Act, 21 U.S.C. § 801 et seq.

2.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1395 (a) and (b).

4.  The Defendant Properties were, are, and will remain within the jurisdiction of this

Court during the pendency of this action.

5. The Defendant Properties are forfeitable because they were purchased with proceeds traceable to illegal trafficking in controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

6. On April 10, 2003, special agents with the U.S. Drug enforcement Administration went to the home of Hugo Alberto Villarreal in Harlingen, Texas. There the agents interviewed Hugo Alberto Villarreal about his involvement in illegal trafficking in marihuana. Hugo Alberto Villarreal said that he was currently smuggling twenty to thirty pounds of marijuana every two weeks from Harlingen, Texas to Austin, Texas. He gave the agents consent to search his home. The agents found the following:

$9,500, U.S. Currency,

$1,000, U.S. Postal Money Order, #91253417894,

Assorted Jewelry,

1995 Chevrolet Tahoe, VIN 1GNEC13K8SJ449334, and

1994 Chevrolet Silverado, VIN2GCEC19K3R1235985.

Hugo Alberto Villarreal told the agents that the above listed properties were purchased with proceeds from his illegal marijuana smuggling.

7. Defendant Properties were purchased with illegal drug proceeds, and are forfeitable pursuant to 21 U.S.C.§ 881(a)(6), for violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

Therefore, plaintiff requests that:

(A) The Court issue a warrant of seizure according to the normal procedure of this Court citing all persons having an interest in Defendant Properties to appear on the return day of process by filing a claim and answer pursuant to Rule C(6), Supplemental Rules for Certain

Admiralty and Maritime Claims, or as ordered by this Court;

(B) The Court grant a judgment of forfeiture to the United States against the Defendant Properties; and

(C) The Court award costs and other and further relief to which the Plaintiff may be entitled.

                                Respectfully submitted,

                                Michael T. Shelby
                                United States Attorney

By:    */s/ Albert Ratliff*
                                Albert Ratliff
                                Attorney-in-Charge
                                NY Bar No. 1073907
                                SDTX Bar No. 6764
                                Assistant United States Attorney
                                United States Attorney's Office
                                P. O. Box 61129
                                Houston, Texas  77208
                                Office (713) 567-9579
                                Fax (713) 718-3300

## VERIFICATION

I, Albert Vierra, am a Special Agent of the Drug Enforcement Administration, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem, and that the facts stated therein are based upon my personal knowledge or from information obtained in the course of my investigation and are true and correct to the best of my knowledge and belief.

Executed on September 24, 2003.

Albert Vierra, Special Agent
Drug Enforcement Administration