6

United States District Court
Southern District of Texas
FILED

NOV 1 2 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA §<br>    Plaintiff, §<br> §<br>v. §<br> §<br>$9,500.00, U.S. Currency, §<br>$1,000.00, U.S. Postal §<br>    Money Order, §<br>Assorted Jewelry, §<br>1995 Chevrolet Tahoe, §<br>1994 Chevrolet Silverado, §<br>    Defendants. § | CIVIL ACTION NO. B-03-171 |

### CLAIMANT'S ANSWER TO COMPLAINT FOR FORFEITURE IN REM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HUGO VILLAREAL, hereinafter known as the Claimant, by and through his attorney, Gerry Linan, and hereby answers the Plaintiff's Complaint for Forfeiture in Rem as follows:

1. The Complainant for Forfeiture in Rem fails to state a claim upon which relief can be granted to defeat HUGO VILLAREAL's claim to the subject property.

2. The allegations contained in paragraph 1 of the Complaint for Forfeiture in Rem are admitted to the extent that Plaintiff has filed this civil law suit pursuant to 21 U.S.C. § 881(a)(6). However, Claimant denies that there has been a violation of 21 U.S.C. § 881(a)(6) and denies the property is subject to forfeiture. The allegation contained in Paragraph 1 of the Complaint asserts a conclusion of law as to which no

answer is required. To the extent that Paragraph 1 avers that the filing of the judicial forfeiture action was necessary at all, the averment is denied. Furthermore, Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

3. The allegations contained in Paragraph 2 of the Complaint for Forfeiture in Rem are admitted.

4. The allegations contained in Paragraph 3 of the Complaint for Forfeiture in Rem are admitted.

5. The allegations contained in Paragraph 4 of the Complaint for Forfeiture in Rem are admitted.

6. The allegations contained in Paragraph 5 of the Complaint for Forfeiture in Rem are denied.

7. Claimant admits, the allegation in paragraph 6 that the Special Agents with the U.S. Drug Enforcement Administration went to the home of Hugo Villareal in Harlingen, Texas on April 10, 2003. Claimant also admits that he cooperated with the Agents and gave consent to search his home on that date. Claimant admits that the defendant property was seized pursuant to a seizure warrant. However, Claimant disputes the reliability of the sworn affidavit used to secure said seizure warrant. Claimant denies that the defendant property was purchased with proceeds from illegal marijuana smuggling, to

that extent, the allegations contained in Paragraph 6 of the Complaint for Forfeiture in Rem are denied.

8. The allegations contained in Paragraph 7 of the Complaint for Forfeiture in Rem are denied.

In addition, Claimant raises the following numbered defenses to the government's forfeiture unit.

### FIRST DEFENSE

9. The Plaintiff lacks probable cause for belief that a substantial connection exists between the property sought to be forfeited and the exchange of a controlled substance.

### SECOND DEFENSE

10. Without waiving any defense asserted above, Claimant further asserts that the Defendant property is not subject to forfeiture on the basis that any act or omission, if any, on the part of any other individual that would potentially give rise to forfeiture of the Defendant property was committed or omitted without the knowledge or consent of the Claimant.

11. Claimant **HUGO VILLAREAL** reserves the right to supplement and amend this Answer as necessary as matters develop through discovery of certain facts, circumstances regarding the Plaintiff's Complaint for Forfeiture in Rem and specifically reserves his right to file any applicable counterclaims.

12. Please take notice that Claimant demands trial by jury of the

issues and defenses raised by his claim and answer.

WHEREFORE, PREMISES CONSIDERED, Claimant HUGO VILLAREAL, prays that the Honorable Court will:

1. Dismiss Plaintiff's Complaint for Forfeiture in Rem and enter judgment on behalf of the Claimant and that Plaintiff take nothing by reason of this suit;

2. Deny issuance of a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney's fees to the Claimant;

3. Enter an Order directing the United States Attorney's Office and/or the department of Treasury and/or the United state Drug Enforcement Administration to deliver the Defendant property to Claimant; and

4. Provide such other and further relief, both legal and equitable, as the court deems proper and just.

Respectfully submitted,

**LAW OFFICE OF GERRY LINAN**
847 East Harrison
Brownsville, Texas   78520
TEL. (956)504-2425
FAX. (956)504-2451

BY: _____
GERRY LINAN
State Bar No. 00792647
Federal Id. No.: 18904
Attorney for Hugo
Villareal, Claimant

CERTIFICATE OF SERVICE

I, GERRY LINAN, hereby certify that a true and correct copy of the above and foregoing was hand-delivered to the United States Attorney's Office, on this 12th day of November, 2003.

GERRY LINAN
Attorney at Law

CERTIFICATE OF CONSULTATION

The undersigned counsel, Gerry Linan, hereby certifies that he attempted to communicate with United States Attorney's Office about this matter and there is no agreement. Counsel respectfully requests that this motion be set for a hearing.

Gerry Linan

Claimant's Answer to Complaint
for Forfeiture in Rem